1835.

Studwell
v.
Palmer.

---

### STUDWELL vs. PALMER and others.

Upon the hearing of a cause before the vice chancellor, it is the duty of the clerk to enter in the minutes of the court all the papers read, or which are agreed to be considered as read, or which are offered in evidence and overruled by the court; and a certified copy of the clerk's minutes is the proper evidence of those facts upon the hearing of an appeal to the chancellor.

The party whose duty it is to furnish the papers on the hearing of an appeal, should be prepared with the proper evidence to show what papers were read before the vice chancellor, and, if required, to show that the papers furnished by him are correct copies.

If the clerk, by mistake, neglects to enter in his minutes any paper which was read, or considered as marked and read, before the vice chancellor, the proper course is to apply to the court below to correct the minutes. But no paper, which was not before the vice chancellor or offered and rejected, can be used on the hearing of an appeal from his decision.

An ex parte order, made under the immediate direction of the court, although irregularly obtained, cannot be treated by the adverse party as a nullity;

and a common order, entered contrary to such special order, and treating it as a nullity, is itself irregular. But if the court afterwards sets aside the special order, leaving the common order in full force, the common order will be made regular, by relation, as of the time when it was entered.

1835.

Studwell
v.
Palmer.

THIS case came before the chancellor upon appeal from an interlocutory order suppressing certain depositions, on the ground that they had been taken irregularly. Upon the application of the complainant's solicitor, an order to close the proofs, which had been regularly obtained by the adverse party, was opened, upon the payment of costs; and the time for taking the proofs was extended to the 15th of June, 1834. On the 11th of June, the complainant's solicitor applied to the vice chancellor and obtained another order, extending the time to take proofs for thirty days. This order was irregularly obtained, upon an ex parte application, and contrary to the provisions of the 86th rule. But the vice chancellor being temporarily absent from the state when notice of such order was served, the defendants' solicitor could not apply to him for a special order to close the proofs, or to vacate the order thus irregularly entered. He therefore disregarded the irregular order, and entered the common order for closing the proofs. After the entry of this last order, and a service of notice thereof, the complainant proceeded to examine the witnesses whose depositions were afterwards suppressed; the solicitor for the defendants declining to attend on such examination. After the return of the vice chancellor, an application was made to vacate the order of the 11th of June, for irregularity; and upon hearing of the parties, it was vacated, with costs. The vice chancellor, however, extended the time to produce witnesses for thirty days; and opened the order to close the proofs, as inconsistent with the order then made. The complainant's solicitor neglected to re-examine the witnesses who had been examined by him ex parte, after the entry of the order to close the proofs. A new order to close the proofs having been regularly entered, the vice chancellor, upon the application of the defendants' solicitor, suppressed the depositions of those witnesses as irregularly taken. But he gave twenty days to re-examine the witnesses, and to examine other witnesses in the cause. From this order the complain-

April 7.

ant appealed.  Upon the hearing of the appeal, the appel-
lant's counsel produced the papers on which the order of the
28th of July, vacating the order of the 11th of June, 1834,
was founded, as a part of the papers before the vice chancel-
lor at the time of making the order which was appealed from.
None of those papers were marked by the clerk of the vice
chancellor as read or used at that time ; and the counsel for
the respondents was instructed to insist that they were not in
fact used or offered to be read before the vice chancellor, on
the application to suppress the depositions.

*J. Edwards,* for the complainant.

*M. T. Reynolds,* for the defendants.

THE CHANCELLOR.   It is the duty of the clerk to enter in
the minutes of the court a statement of the pleadings, deposi-
tions and affidavits read, or agreed to be considered as read, or
which were offered and overruled by the court on objection
thereto, upon the hearing of the cause or matter before the
vice chancellor.   And if a question arises upon the hearing of
the appeal, as to what papers were read or used in the court
below, or offered and rejected, a certified copy of the clerk's
minutes of the hearing of the cause or matter, before the vice
chancellor, is the proper evidence of the fact in the appellate
court.   The party whose duty it is to furnish the papers for
the chancellor, upon the hearing of an appeal from a decree
or order of a vice chancellor, should procure from the clerk a
certified copy of the minutes, for the purpose of showing that
the proper papers are furnished by him ; and, if necessary, he
should also be prepared to show that the papers furnished for
the court are correct copies.   Where any mistake has occur-
red, by the clerk's neglecting to enter a paper as read, which
was in fact used, or agreed to be considered as read, or from
his entering a paper as read which was not used, or agreed to
to be considered as read, in the court below, the minutes may
be corrected, upon an application to the vice chancellor.   But
papers which were not in fact used in the court below, or
agreed to be considered as read, or offered and rejected, can-

not be used on the hearing of the appeal. And it is improper for the court below to direct papers to be entered in the minutes as read, which were not read, or considered as before the vice chancellor, on the hearing in the court below. (*Eden* v. *Earl of Bute,* 1 *Brown's P. C., Toml. ed.* 465. *Westmeath* v. *Salisbury,* 1 *Moll. Rep.* 421.)

In this case, if the papers objected to by the respondents' counsel materially varied the question presented upon the appeal, I should allow to the appellant time to procure a certified copy of the minutes from the clerk, for the purpose of showing that they were read on the hearing of the motion to suppress the depositions. I do not see, however, that the case is varied by those papers; they are therefore rejected. The merits of the appeal depend upon the construction of the order of the 28th of July, 1834, setting aside the ex parte order of the 11th of June, for irregularity, and upon the effect thereof upon the order of the 16th of June, closing the proofs in the cause. There is no doubt that the orders of the 11th and the 16th of June were originally both irregular. The first as having been obtained ex parte, in violation of one of the standing rules of the court ; and the other being entered while an irregular order, made by the vice chancellor through inadvertence, still remained in force. It was competent, however, for the vice chancellor to set aside the first irregular order, and thus to make the order for closing the proofs a regular order, by relation. I think it is evident that he meant to do so in this case ; and that the doubt which has arisen is attributable to the relief which he meant to give the complainant, by permitting him to have a further time to take the testimony which he had attempted to take after the entry of the order to close the proofs. It would certainly have been much better, and would have prevented some useless expense, if he had in the first place set aside the ex parte depositions as irregularly taken. The order to close the proofs, although irregularly entered originally, was not absolutely void, but might be made good by setting aside the previous order which rendered it irregular. As the counsel for the complainant was undoubtedly misled by the want of explicitness in the or-

der of the 28th of July, it was proper to give to him an opportunity to re-examine his witnesses upon terms. · But as the whole controversy upon this appeal relates merely to a question of costs, which costs have been produced by the original irregularity on the part of the complainant, I cannot say the vice chancellor was wrong in charging him with those costs.

The order appealed from is therefore affirmed, with costs. The parties are to have the same time to examine their witnesses, after the entry of the order of affirmance and notice thereof, as they had when the appeal was perfected; with liberty to the vice chancellor to enlarge the time, if he shall think proper to do so, upon hearing the parties. And the proceedings are to be remitted.