SALISBURY *v.* MILLER.

---

## Daniel Salisbury v. Andrew Miller and another.

*Chancery practice. Amendment to bill. When further answer necessary.* When a bill is amended merely by inserting the name of a new defendant, after the original defendant has answered, no further answer is necessary from the latter. Had new matter been introduced into the bill, he would have had a right to answer further.

*Indefiniteness in bill.* The objection that a bill is too indefinite to form the basis of relief, cannot prevail under an answer, where no special demurrer is put in, unless there is a lack of such substantial averments as are necessary to make out a case.

*Bill to quiet title, what is not.* A bill filed to correct a mistake in a deed of land claimed by one who obtained title from the same party who executed the erroneous deed,—and having notice of complainant's equities,—is not a bill to quiet title under the statute, [2 *Comp. L.* § 3490]; and the objection that the proof does not make out an indefeasible legal or equitable title in complainant, is inapplicable.

*Costs.* In such a case the refusal of the defendant to release having rendered a suit necessary, the Court below was right in imposing upon him all the costs of the cause.

*Heard April 5th.     Decided April 10th.*

Appeal in Chancery from Washtenaw Circuit.

This was a bill to restrain defendant Miller from asserting title to certain lands occupied by complainant,—which he also claimed to own.

The facts are fully stated in the opinion.

*Joslin & Blodgett*, for complainant.

*Norris & Ninde*, for defendant Miller.

CAMPBELL J.

This was a bill filed to restrain defendant Miller from asserting title to certain lands occupied by complainant,

which he claimed also to own. The bill sets up that complainant purchased the property by contract from Martin Doty, and obtained a conveyance from Chauncey Joslin, who had become owner thereof subject to complainant's rights, and to whom complainant made the payments not made to Doty. That, by a mistake of the conveyancer, the land was mis-described in both the contract and the deed. That before receiving the deed complainant began to improve the property, and during the first four years of his possession, and before the deed was made, he built a house and made other valuable improvements, and that defendant knew of such possession and ownership and improvements from the time the occupancy commenced. That about two years after complainant obtained his deed, defendant obtained from Joslin a conveyance of a tract which included complainant's land, the reservation thereof having been omitted by mistake in this latter conveyance, but Joslin having during his negotiation with defendant Miller informed the latter of complainant's title. The bill avers that Miller now claims title as against complainant to the land in controversy, and has refused to release. The bill prays for a release and injunction, and for general relief.

Miller answered, without oath, denying the allegations of the bill, and setting up that in April, 1856, he bargained with Joslin for the entire premises, including complainant's land, for $2790, and having made or secured the payments stipulated for, he obtained a deed from Joslin in April, 1857, and was a bona fide purchaser of the entire tract, and obtained a complete legal title in fee to the premises.

The Court below upon the hearing required Joslin to be made a party, but no further amendment was made to the bill beyond adding his name. Joslin answered, admitting complainant's entire case. No further proofs or pleadings were introduced, and the Court proceeded to grant a decree in favor of complainant, from which defendant Miller appeals.

It is claimed that it was irregular to proceed to a hearing

14 MICH.—T.

after the bill was amended, without a further answer from Miller or a default. Had any new matter been introduced into the bill, he would have had a right to answer further, but where nothing but the name of a new defendant was introduced, no such step was required, as it in no way changed the aspect of the suit as against Miller. There was nothing new to answer.

It is also claimed that the bill is too indefinite to form any basis of relief. Such an objection cannot prevail under an answer, where no special demurrer is put in, unless there is a lack of such substantial averments as are necessary to make out a case. Defendant assumes that this is a bill filed under the statute to quiet title, and that therefore a complete and indefeasible legal or equitable title must be made out as against all the world. But this is not, we think, the fair construction to be placed upon the bill. It is based upon relations of privity, and not on a title assailed adversely. The case made is in brief, that complainant purchased the premises in question and paid for them, and went into possession and improved them; that Joslin undertook to convey in pursuance of the original contract, but that by mistake the contract and deed both contained a false description; that defendant bought the remainder of the same government subdivision, knowing complainant's rights, and being expressly informed of them by Joslin himself, before purchasing, and that a mistake also occurred in deeding to defendant the entire subdivision without reserving complainant's premises. It is then the simple case of a person entitled to land which by mistake has not been conveyed to him, asking protection against one who has taken title from the same vendor with notice of his equities. The bill, although somewhat loosely drawn, is not defective in any matter of substance.

The same objection was followed up by the claim that the proof does not make out an indefeasible title in complainant or his grantors. But the answer sets out distinctly that defendant Miller claims under the conveyance from Joslin,

and that he thereby obtained a perfect legal title. There was no occasion for complainant to fill up the defective links in the record title, as this assertion, which is so far an admission of the case made by the bill, removed any further necessity of proof in a case depending, as this does, exclusively on the mutual relations of these particular parties.

The only inquiries which become material are, *first*, whether complainant would have been entitled as against Joslin to have his title assured, and, *second*, whether Miller was a bona fide purchaser without notice from Joslin.

The testimony shows very plainly that complainant bought, and Joslin supposed he was selling, the disputed premises. Upon this there is no doubt whatever.

It is just as clear that Miller knew of complainant's rights and claims. Not only was complainant shown to be in open possession, but Miller is shown by several witnesses to have personally seen his occupancy, and to have spoken of it in such a way as to show that he knew all about his claims. Joslin swears distinctly that he informed defendant's father, (with whom all the negotiations were made,) of the exact rights of complainant, and that in computing the price of the land a deduction was made from the whole tract of the number of acres now in dispute. The attempt of defendant, in his statements as witness, to refute the consistent testimony against him, is as discreditable to his sense as to his honesty. No one reading the proofs can entertain any doubt upon the real state of affairs.

The refusal on his part to release rendered this suit necessary, and the Court below was right in imposing upon him all the costs of the cause. The decree might properly have included a direction to release, but inasmuch as it is sufficient to protect complainant from molestation we shall not alter it, but simply affirm it with costs. The case will be remitted to the Court below, in order that the Register may certify the decree for record under the statute.

The other Justices concurred.