## Bela W. Ormsby v. Watson Barr.

*Appeal in chancery: Affirming decree.* In hearing and determining appeals in chancery, if the court is satisfied with the decree appealed from, it will not be reversed because the reasons which are alleged to have influenced the court below are not satisfactory to the appellate court.

*Pleading and evidence in equity.* Although the case made by the pleadings and proofs may be insufficient, on appeal, to sustain the decree upon the theory of the complainant that it was a bill, under the statute, to quiet his title; yet, if the bill makes out a clear case, falling under any recognized head of equity jurisdiction, the appellate court must take cognizance of it and grant the appropriate relief.—*Salisbury v. Miller, 14 Mich., 160.*

*Statutory bills to quiet titles.* When legal titles are brought into litigation under the statute regarding the quieting of titles in equity, the statutory requisites must exist; but equitable remedies existing before the passage of the statute remain.—*Tabor v. Cook, 15 Mich., 322,* cited and approved.

*Presumption of continuance.* A party once shown to be a purchaser, and nothing appearing to divest his interest, will be presumed to have still the rights of a purchaser. How long such a presumption will afford a basis for judicial action,—*Quære?* But the lapse of two years is not sufficient to rebut the presumption.

ORMSBY *v.* BARR.

*Parties: Interest in the subject matter.* A grantee of premises covered by a mortgage, which it is alleged has been paid, may maintain a bill against the mortgagee for its discharge without proving any other interest in the premises than the grant from the mortgagor. If the mortgage has been paid, the mortgagee will not be allowed to dispute the title of the mortgagor, or his grantee, as a reason for refusing to discharge it.—*Salisbury v. Miller, 14 Mich., 160,* cited and approved.

*Heard October 25. Decided October 26.*

Motion for a rehearing.

This cause was heard at the present term of the court and decided,—the court affirming the decree of the court below. (See *21 Mich., p. 472.*)

*L. D. Norris* now moves for a rehearing, upon grounds which are stated in the opinion of the court.

*R. Strickland, contra.*

COOLEY, J.

We are asked in this case to grant a rehearing for various reasons, which are very fully presented in the brief of counsel, and which may be summed up as follows: *First,* that the case was imperfectly presented by counsel on the first hearing; and, *Second,* that the court overlooked important considerations in their decision of the cause.

As to the first reason, we do not agree with counsel upon the matter of fact. We think the case was presented with clearness and ability, and, as we review the brief upon which it was argued for the defendant, it does not occur to us that anything could be added which could tend to a different result.

The supposition that the court may have overlooked important considerations arises, perhaps, from the fact that the written opinion was confined to a determination of the question of fact, and that that question was not discussed at all elaborately with a view to a complete demonstration for the satisfaction of parties, but, on the contrary, our con-

clusions were stated, as is our usual practice, in terms somewhat general.

So far as the facts are concerned, we thought before, and we think now as we review the case, that they were very fully considered, and that no suggestion made in the brief of counsel, or that presented itself to any of our number, failed to receive due attention. The case was one of an exceedingly unsatisfactory character, and we found it difficult to reach a conclusion upon which we could rely with confidence. It is not too much to say that the same facts embodied in this record, if presented to any tribunal consisting of several persons, would be likely to lead different minds to different conclusions. We felt this very forcibly in the course of our investigations; and we could not resist the conviction that there were some things in the action of each of the principal parties to the transactions involved that were inconsistent with their explanations. But after considering and weighing the conflicting testimony as well as we were able, in connection with the important fact that the securities alleged to be discharged are found in the hands of the debtor with the unquestioned assent of the creditor, we could reach no different conclusion than the one embodied in the previous opinion.

The questions of law were not specially considered before, because we were under the impression that the defendant placed his reliance upon the questions of fact. But as now presented they require some attention. It is said that the court below found defendant estopped from enforcing his mortgage against complainant, while we have gone farther and decreed it satisfied. It is true, we did not decide this case upon the ground of estoppel, but it does not follow that our decree should be different from that of the court below, because the same reasons have not influenced our judgment. We have nothing to do with the

reasons of the circuit judge, but are only concerned in knowing whether he did or did not reach the correct conclusion. If it had appeared in the case that complainant made his purchase in the belief that the mortgage had been satisfied, and that he was shown that instrument in the possession of the mortgagor as evidence of the payment, we should probably have placed our decision upon the ground of estoppel; but as it did not appear that any such evidence of payment was presented to him before the purchase, we did not rely upon this point, but looked beyond it to the evidence given to show payment in fact. If upon that, we had reached the conclusion that the mortgage was paid, it is obvious that we could not do otherwise than to affirm the decree. When we do so, we leave the case as it was left in the court below; and the question of actual payment is still open as between mortgagee and mortgagor, though closed as between the former and this complainant.

It is said, also, that the decree ought to have been reversed, and the bill dismissed, because the complainant did not show himself to have been in possession of the lands at the time of filing his bill. The force of this position depends upon the question whether this bill is or is not a bill filed under the statute to quiet the title to lands. The defendant supposes it is, and his counsel regard as quite conclusive upon this point the fact that it has been treated as such by all parties as well as by the circuit judge; and if we correctly apprehend the suggestion made on this motion, it is, that after a cause has been heard, decided and appealed on this theory, the appellate court ought not to consider it on any other.

This court, however, have no means of determining the nature of a bill in chancery but by an examination of its allegations. If it makes out a clear case falling under any recognized head of equity jurisdiction, we have no authority

to dismiss it, because the complainant erroneously supposed it to make a case under some statute. Still less could we reverse a correct decree by the circuit judge for any error of opinion on his part of a similar character. We can only look at the case made; and if that is sustained by the evidence, our plain duty is to grant the appropriate relief.

The bill in the present case is one falling within a recognized head of equity jurisdiction, and not at all dependant upon any statute. It is a bill to have a mortgage, which constitutes an apparent lien upon complainant's title, declared satisfied, and it contains no allegations inappropriate in such a bill, though some of them would be equally appropriate in a bill under the statute. Whether we regard the case from the stand-point of the mortgagor or of the mortgagee, the equitable jurisdiction is equally manifest. The mortgagor's title was originally regarded as a mere equity, and chancery had undoubted authority to afford it all adequate protection. And although now his interest is held to be the legal title, yet the court of chancery has never lost its jurisdiction, and it is in that court that redemption is obtained, and the securities may be ordered delivered up for cancellation. On the other hand the mortgagee has now no legal title; he could not, if the mortgagor were in possession, bring suit at law to eject him; his claim is one which cannot be tried at law without the aid of some statute which should give a remedy unknown to the common law; the relation of mortgagor and mortgagee has always been peculiarly under the supervision of courts of equity for the prevention of wrong and oppression, and the necessity for that supervision in very many cases is still as apparent as ever. And where an outstanding security is claimed to be satisfied, and is nevertheless insisted upon as valid, the propriety of equitable interference is too plain to be discussed.

ORMSBY v. BARR.

In the statute regarding the quieting of titles in equity, there is no indication of an intention to take away any previously existing equitable remedies, nor have our courts so construed it. We have always held that where legal titles were sought to be brought into litigation under it, the statutory requisites—among which is possession—must exist; and in *Tabor v. Cook, 15 Mich., 322,* we held it not competent for the legislature to provide for the trial of the legal title to lands in equity, when the defendant was in possession, so that ejectment might be brought against him; though we have made no such decision in the case of vacant possession. But in a case like the present, where the question relates simply to the validity of a security, the possession of the land is in fact an unimportant circumstance; and we have no idea the statute regarding the quieting of titles was designed to cover the case. We have not the least doubt that the equitable remedy which existed before is still left in force.

It is also insisted that complainant failed to establish his ownership of the lands covered by the mortgage. If by this is meant that he did not show that he had not conveyed away the title he acquired from Albright before suit brought, we think the objection is without legal validity. He showed his purchase, and less than two years had since elapsed; and clearly, unless something appears to cast some doubt upon that point, the presumption that things continue as they are once shown to be must prevail. It is not necessary to determine whether a time might not possibly arrive when this presumption would be too weak to constitute a basis for judicial action; but the time that had elapsed in this case is not sufficient to deprive the party of the benefit of this presumption. If, on the other hand, the point made is, that the grantor of complainant is not shown to have had title, then we are of opinion that

it is immaterial. Complainant acquired by the deed from Albright the very title to which the mortgage attaches; and whether that title is good or bad, he has a right to have the mortgage discharged if it has been paid. His equities are against the mortgage, irrespective of the good-- ness or badness of the title it affects; and it could not be permitted to the defendant, if his mortgage is paid, to dispute that title as a reason for refusing to discharge it. Upon this point we refer to the case of *Salisbury v. Miller, 14 Mich., 160,* where the same principle is recognized.

Upon the whole, we are of opinion that no wrong has been done the defendant unless it may have come from our reaching a wrong conclusion upon the facts. And as we know that those facts received a careful examination at our hands, and as we are satisfied the result would not be likely to be changed by a rehearing, we must deny the motion.

CAMPBELL, CH. J. and GRAVES, J. concurred.

CHRISTIANCY, J. did not sit on this case.