## HARVEY W. RUGG v. GEORGE S. BASSETT.

*Mechanic's lien—Pleading—Amendment—Terms.*

101   441
124   161

1. Section 10 of Act No. 179, Laws of 1891, which provides that proceedings to enforce a mechanic's lien under said act shall be by bill in chancery under oath, and that amendments may be made to such bill at any time before final order, does not divest the court of the power to impose terms upon granting an application, made upon the day assigned for hearing and before any testimony has been taken, for leave to amend a bill filed against a husband by making his wife, who is the owner of the land on which stands the building upon which the labor was performed, a co-defendant.

2. The matter of terms in such a case is within the discretion of the trial court, which discretion is held not to have been abused by the making of an order requiring, as a condition to

such amendment, that within 20 days the complainant file a bond for security for costs in a penalty of $200, and pay a solicitor's fee of $15, and witnesses' fees to be taxed, and in the event of his failure to file said bond and amended bill, and otherwise comply with said order, that the bill be dismissed.

Appeal from Berrien. (O'Hara, J.) Submitted on briefs June 20, 1894. Decided July 10, 1894.

Bill to enforce a mechanic's lien. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*George W. Bridgman,* for complainant.

*Lawrence C. Fyfe* and *Charles N. Sears,* for defendant.

McGRATH, C. J. Complainant filed a bill to enforce a builder's lien under a contract made with defendant. An answer was filed, and the matter came on to be heard. Complainant moved the court for leave to amend his bill by making defendant's wife, who, it was conceded, was the owner of the lot upon which the building was constructed, a party. Defendant objected, and insisted upon terms, including security for costs. The court thereupon made an order that complainant have leave, within 20 days, to file an amended bill, and that, within a like time, he file security for costs in a given amount, and pay to defendant a solicitor's fee of $15, and witnesses' fees to be taxed, and in the event of the failure to file said bond and amended bill, and pay said solicitor's fee and costs, that the bill be dismissed. The amended bill was not filed, nor were the costs paid, which being made to appear, the bill was dismissed.

The matter of terms in such cases is within the discretion of the trial court, and we are unable to say upon this record that such discretion has been abused. Com-

plainant made no showing as to his inability to comply with the order.

Nor do we think that section 10 of Act No. 179, Laws of 1891, under which said proceeding was instituted, divested the court of the power to impose terms upon granting an application for leave to make such an amendment at the time when applied for.

The decree dismissing the bill is affirmed, with costs to defendant.

The other Justices concurred.