CASSERLY v. WAYNE CIRCUIT JUDGE.

|124    1 57
|152    ³585

1. MECHANICS' LIENS—PROCEEDINGS TO ENFORCE—WHEN BEGUN.
    3 Comp. Laws 1897, §§ 10718, 10719, provide that a mechanic's
    lien shall continue for one year after the statement of lien is
    filed, and no longer, unless proceedings are begun to enforce
    the same, and require that the proceedings shall be by bill
    and notice of *lis pendens*, and that all persons having rights
    in the property, or holding like liens so filed, or having filed
    notice of intention to claim a lien, shall be made parties.
    *Held*, that proceedings were begun, within such statute, when
    the bill was filed, and the fact that the principal contractor
    was not made a party until after the year had expired could
    not affect the rights of complainant.

2. SAME—AMENDMENT OF BILL—INTRODUCTION OF NEW DEFEND-
    ANT.
        Where, in proceedings to enforce a mechanic's lien, the con-
        tractor is introduced as a party by amendment to the bill
        made after the statutory time for bringing suit has expired,
        he alone can raise the question that there was error in permit-
        ting the amendment.

3. EQUITY PLEADING—AMENDMENT OF BILL—RIGHT TO FILE NEW
    ANSWER.
        A purely formal amendment to a bill adding a new party de-
        fendant after an answer has been put in, and in no way
        changing or affecting the rights of the answering defendant,
        does not authorize the latter to file an answer to the amended
        bill; his original answer having covered the particular de-
        fenses to the original bill.

*Mandamus* by Patrick Casserly to compel Byron S.
Waite, circuit judge of Wayne county, to vacate an order
striking an amended answer from the files.    Submitted
April 24, 1900.    Writ denied May 15, 1900.

    *Bacon & Yerkes*, for relator.

    *Russel & Campbell*, for respondent.

    LONG, J.    Relator applies for a writ of *mandamus* to

compel respondent to vacate an order striking the answer of the relator from the files in a cause pending in the Wayne circuit court, in chancery, wherein the Union Trust Company is complainant and the relator and others are defendants. The respondent has made return to an order to show cause.

It appears that the bill of complaint in the cause in which the order complained of was entered was filed September 3, 1897, for the purpose of foreclosing a mechanic's lien upon property owned by relator. Relator and the other defendants answered the bill, and on November 4, 1898, the cause was heard upon pleadings and proofs taken in open court. Several objections to the proceedings were made at and during the hearing, and, among others, that the principal contractor was a necessary party to the suit, and, as he had not been made a party, the bill should be dismissed. At the close of the testimony, the court (Frazer, J.) said:

"I think the principal contractor in the case should have been made a party defendant. If the complainant desires to be heard on this question, I will hear him. If not, a decree may be entered dismissing the bill of complaint. I think all other objections to the bill are not tenable."

Application was thereupon made to amend the bill, and due notice thereof given. An order was made permitting said amendment, and the amendment was made, making the principal contractor a party. Subpœna was served upon him, and the bill was taken as confessed against him for want of answer. After the bill had been taken as confessed by the principal contractor, and on January 24, 1900, the relator herein, the owner of the property, filed an entire new answer to the amended bill, which answer contained all the statements of the original answer, and in addition thereto introduced some new matters of defense, and on January 27th filed a further amendment to paragraphs 11 and 12 of the said answer, wherein additional new matter of defense was set up. On January 30th

complainant made a motion to strike the amended answer
and the amendment thereto from the files.   The motion
was granted, and the relator now asks that the order be
set aside.

It appears that the original answer and the amendment
thereto, filed by relator before the case was heard, alleged
the following matters in defense to the suit:

1. That the times when the first of the lumber and
materials were furnished and when the last of the lumber
and materials were furnished are not correctly stated.

2. That the lumber was never accepted, and that it was
not used in the building.

3. That there was nothing due to the complainant for
lumber and materials furnished for the construction of the
building upon relator's property.

It also appears that, in addition to the defenses set up in
the answer, relator at the hearing made the following
objections to the proceedings:

(*a*) That the bill was not properly sworn to and signed.

(*b*) That the lumber did not go into the building.

(*c*) That relator was not the owner of the property at the
time the contract was made.

(*d*) That the account of the Union Trust Company,
receiver, with the principal contractor, was so mingled
that the amount due for lumber and materials for this
particular building could not be determined.

(*e*) That the principal contractor was a necessary party.

(*f*) That the statement of the claim for lien was not in
accordance with the statute.

That these objections were made and considered by the
court appears from the written opinion of Judge Frazer,
attached to the return now before us.   All these objections
were finally determined by the court at that time.   It
was there said, "I think all the other objections to the
bill are not tenable."   This had reference to the objections
above set forth.

An examination of the new answer and the amendment
thereto discloses the following defenses:

1. That the statement in the bill of complaint as to the

time when the first of the lumber was furnished and when the last was furnished is not correct.

2. That the lumber was not accepted, and that there is nothing due.

3. That no correct statement of the claim was ever served upon relator, or filed with the register of deeds.

It is seen that these are the identical defenses disclosed by the original answer, and were all disposed of by Judge Frazer in his opinion set forth above.

The new answer and the amendment allege the following new matters of defense:

1. That the suit is barred by the statute of limitations.

2. That the complainant had no right to amend its bill by making the principal contractor a party.

3. That relator has paid the principal contractor in full, and that therefore there can be no lien.

4. That the mechanic's lien law is unconstitutional.

It is the claim of relator that the order of the court striking the amended answer and the amendment thereto from the files has prevented the relator from availing himself of the defense that the said complainant is barred from proceeding under its amended bill of complaint because of not having made the original contractor a party defendant within the time required by the statute for enforcing mechanics' liens; that this defense could not be interposed by relator until after complainant had filed its amended bill.

It appears, as we have seen, that, when the matter was on argument before Judge Frazer, the objection was made by relator that the contractor was not made a party to the bill. The court thereupon permitted the complainant to amend its bill by making him a party. The statute provides (3 Comp. Laws 1897, § 10718) that:

"The several liens herein provided for shall continue for one year after such statement or account is filed in the office of the register of deeds, and no longer, unless proceedings are begun to enforce the same as hereinafter provided; and such liens shall take priority as follows: * * * *"

Section 10719 provides:

"Proceedings to enforce such lien shall be by bill in chancery, under oath, and notice of *lis pendens* filed for record in the office of the register of deeds shall have the effect to continue such lien pending such proceedings. And in such proceedings the complainant shall make all persons having rights in said property affected or to be affected by such liens so filed in the office of the register of deeds, and all persons holding like liens so filed, and those having filed notice of intention to claim a lien, parties to such action.  *  *  *  Intervening or cross bills shall be on oath, and all bills sworn to shall be evidence of the matters therein charged, unless denied by answer under oath."

We think, under this statute, the fact that the principal contractor was not made a party to the bill until after the year had expired cannot affect the rights of complainant. The proceedings must be begun within one year, and such proceedings are begun when the bill is filed. Additional necessary parties may be brought in thereafter. In *Sheridan* v. *Cameron*, 65 Mich. 680 (32 N. W. 894), the bill was filed to enforce a mechanic's lien, and it was said, "We think the filing of a bill or petition is the beginning of the suit, and that the service of process is only a step in the cause." Amendments of this character have generally been allowed. *Rugg* v. *Bassett*, 101 Mich. 441 (59 N. W. 645); *Kerns* v. *Flynn*, 51 Mich. 573 (17 N. W. 62). See, also, *Hannah & Lay Mercantile Co.* v. *Mosser*, 105 Mich. 18 (62 N. W. 1120).

But we think the rule is well settled that the new defendant, only, could take advantage of the fact that he was not made a party within the year, even if such a defense could be made by any one. Boisot, Mech. Liens, § 577, and cases there cited; Phil. Mech. Liens, § 431, and cases there cited. We are aware that the case of *Bombeck* v. *Devorss*, 19 Mo. App. 38, cited by counsel for relator, holds that in such case the principal contractor must be made a party within the time limited for filing the bill. We think that case is not in harmony with the general rule. In *Green* v. *Clifford*, 94 Cal. 49 (29 Pac. 331), a contractor was brought in by amendment after

124 MICH.—11.

the statutory time to bring suit had expired. The court allowed the judgment made after this amendment to stand, and say, "The appellant [the owner of the property] could not be prejudiced by this amendment, although made after the statutory time for commencing the action."

It is also contended by relator that, complainant having amended its bill, even by bringing in the contractor as a party defendant, relator had the right to file an answer to the amended bill setting up new defenses, or contradictory defenses to those contained in the answer to the original bill. On the other hand, it is contended by counsel for respondent that where a bill is amended, the answer having already been put in, the defendant, if he answers, should answer only as to new matters introduced by the amendment. In this we think counsel for respondent are correct. The amendment to the bill by adding a new party defendant in no way changed the cause of action as stated in the bill, and in no way affected defendant's rights. The amendment was purely formal. It introduced no new matter into the bill, and there was therefore nothing in the amendment requiring a further answer by defendant. The case had already been heard on proofs taken in open court, and, as said by counsel for respondent, "The defendant, by his new answer, is endeavoring to try over again issues which have already been decided against him."

Puter. Mich. Ch. (3d Ed.) 118, lays down the rule that:

"In answering an amended bill, the defendant, if he has answered the original bill, should answer only those matters which have been introduced by the amendments. In fact, the answer to an amended bill constitutes, together with the answer to the original bill, but one record."

The same rule is laid down in Jenn. Ch. Prac. 89. See, also, 1 Barb. Ch. Prac. 159, and 1 Daniell, Ch. Pl. & Prac. 729

In *Salisbury* v. *Miller*, 14 Mich. 160, it was said:

"It is claimed that it was irregular to proceed to a hearing after the bill was amended, without a further

answer from Miller or a default. Had any new matter been introduced into the bill, he would have had a right to answer further; but, where nothing but the name of a new defendant was introduced, no such step was required, as it in no way changed the aspect of the suit as against Miller."

See, also, *Munch* v. *Shabel*, 37 Mich. 166.

But counsel for relator cite 1 Daniell, Ch. Pl. & Prac. 409, as follows:

"Any amendment of a bill, however trivial and unimportant, authorizes a defendant, though not required to answer, to put in an answer making an entirely new defense, and contradicting his former answer."

It is contended by counsel for respondent that this rule laid down by Daniell is in conflict with the rule already stated by the same author; that it is broader than the authorities cited for it warrant; and that, giving it the most favorable construction possible, it cannot be held to apply to cases like the one at bar. We are satisfied that the rule laid down by Daniell could not be applied to a case like the present, even if it is the rule applied in some cases. The only change in the bill was in making the contractor a party defendant, and, as we have said, it in no way changed or affected the rights of the defendant. In such a case we think no further answer was required, as was held in *Salisbury* v. *Miller*, *supra*, and that defendant, in answering, had no right to include new matter in the answer. The original answer covered the particular defenses to the original bill, and the court was not, therefore, in error in striking the amended answer from the files.

The writ must be denied.

The other Justices concurred.