## MARGARET REDMOND *et al.*

*v.*

## JOANNA PACKENHAM *et al.*

1. SPECIFIC PERFORMANCE—*when title is taken in name of another to defraud creditors, equity will not relieve.* It seems that a court of equity will not entertain a bill to enforce a resulting trust, when land is purchased with complainant's money and the title taken in the name of the defendant, to defraud creditors of the former. But when the trust has been executed by a conveyance, equity will remove a cloud upon the title under a mortgage given by the defendant while he held the title.

2. POWER OF SALE IN MORTGAGE—*extinguished by payment of the debt.* Where the debt which is secured by a mortgage is paid, the mortgage itself will be extinguished, together with any power of sale it may contain; and any sale made under such power after payment of the debt, will be void, even as against a *bona fide* purchaser.

3. CHANCERY JURISDICTION—*cloud upon title.* A court of equity has jurisdiction to entertain a bill by a party out of possession of land against one in possession to set aside a deed fraudulently obtained, which is a cloud upon the title, in case of a trust.

4. When a sale has been made under a power contained in a mortgage after full payment of the debt, and the purchaser is in possession, a court of equity may properly exercise jurisdiction to set aside the sale and deed, and compel a reconveyance of the legal title, and thus remove an apparent cloud.

5. The case also comes under an old head of equity jurisdiction, that when a deed or other instrument has, by a satisfaction or payment, become *functus officio,* and yet its existence may be a cloud upon the title of the other party, courts of equity will interpose and decree a delivery and cancellation of the instrument and compel a reconveyance of property if necessary.

Appeal from the Circuit Court of LaSalle county; the Hon. Edwin S. Leland, Judge, presiding.

Messrs. Brush & Butler, and Messrs. Dickey, Boyle & Richolson, for the appellants.

Mr. B. C. Cook, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

The proof, in this case, shows that the lot of land in question was purchased with the money of John Redmond, and the title taken in the name of Martin Deveraux, in order to prevent its being made liable to the debts of Redmond.

The argument of appellees' counsel proceeds upon the assumption, that it is an object of the bill to enforce a resulting trust in favor of Redmond, and it is devoted in great part to showing, that, in such a case as this, no trust results which a court of equity will enforce. Were this a bill for the purpose of enforcing a resulting trust supposed to arise out of such a transaction as above stated, we should be disinclined to interfere for the relief of the complainants, in accordance with the doctrine of the authorities cited. *Curtis* v. *Perry*, 6 Vesey, 746; Tiffany and Ballou on Trusts and Trustees, 39 *et seq.*; *Leggett* v. *Dubois*, 5 Paige, 114; *Prosens* v. *McIntyre*, 5 Barb. 424; 52 ib. *Stuart* v. *Ackley*; *Orton* v. *Knabb*, 3 Wis. 576; *Fargo* v. *Ladd*, 6 ib. 117; *Smith* v. *Bogart*, 27 Tex. 507; *Randall* v. *Howard*, 2 Black, 588.

But Deveraux, on the 3d day of December, 1847, conveyed the lot to the appellants, the heirs of John Redmond, and thereby completely executed the supposed trust, except so far as the incumbrance of a mortgage executed by Deveraux to Randolph Sizer, Feb. 18, 1847, was concerned.

And the case, as we view it, turns entirely on the question whether that mortgage was paid at the time Packenham— under whom the appellees, his heirs, claim—purchased the lot at the sale of it made in the execution of a power of sale

contained in the mortgage. This question respects merely the existence of a fact occurring between Deveraux and Sizer, and has no connection, as we conceive, with the transaction between Redmond and Deveraux to defraud creditors, and is unaffected by anything arising out of that transaction.

If the mortgage debt was paid, the incumbrance of the mortgage was extinguished, and the appellant's title was complete under the conveyance from Deveraux.

The testimony of Deveraux is explicit that he paid this Sizer mortgage debt. He states, that in 1852, he went to California, and previous to leaving and when about starting, he settled with Sizer this mortgage debt and various other items of indebtedness for work done, etc., and that there was found to be a balance due Sizer of $31 or $32, for which he gave his note to Sizer. In 1858 Sizer died. Jan. 3, 1858, his executors filed in the probate court an inventory of all the property, as it purported, of Sizer's estate, and among the notes and accounts inventoried, quite a number, no mention is made of this mortgage debt. On the 28th of Jan., 1861, some 14 years after the execution of the mortgage, Mrs. Sizer, the executrix of the mortgagee, makes the sale of the mortgaged premises to Packenham under the power of sale given in the mortgage, and this would seem not so much to have been a veritable proceeding on the part of Mrs. Sizer to collect the debt, as one to vest the title to the lot in Packenham. We find before this, Packenham and Deveraux taking counsel as to the best way of getting the title of the property in Packenham; and counsel advised them that the best manner, and the least expensive way of vesting the title in Packenham, was by a sale under the Sizer mortgage. It is true that, at this interview, Deveraux seems to have recognized the mortgage debt as being unpaid, as testified to by Mr. Glover. The note which the mortgage secured was not produced at the hearing. It appears probable that the sale was made upon the note of $31 or $32, that was given by Deveraux to Sizer in 1852, which was not secured by the mortgage, as counsel

say that they find the amount of that note with interest from 1852 to 1861, and the costs of sale, make up the amount of $86.75, for which sum the property was bid off and purchased by Packenham at the sale by Mrs. Sizer.

The judge of the court below, with the witnesses testifying before him, found that this mortgage debt had been paid. And in view of all the testimony in the case, we are disposed to adopt the same conclusion.

The debt having been paid, the mortgage, its incident, was extinguished. The contingency for the exercise of the power of sale never arose, and the sale was made without power to make it, and was void.

The power of sale was extinguished by such payment, even as against *bona fide* purchasers. *Cameron* v. *Irwin*, 5 Hill, 272. The court there say, " There must be a power. Payment extinguished it, and the case becomes the same as if none had ever been inserted." See also, *Wood* v. *Colvin*, 2 Hill, 566.

The court below refused relief on the ground, that the defendants being in possession, the complainants had a remedy at law by an action of ejectment.

In *Kennedy* v. *Northup*, 15 Ill. 149, this court entertained a bill to set aside certain deeds alleged to have been fraudulently obtained, and which were a cloud upon the complainant's title, although the defendants were in possession.

If the case before us be not one of fraud in obtaining this title through the means of a satisfied but uncancelled mortgage, it may be regarded as one of a trust, where the jurisdiction of a court of equity is equally sustainable as in case of fraud. The mortgage debt having been paid, it was the duty of the mortgagee to release to the mortgagor the legal title; and it was thenceforth held by the mortgagee or those claiming under the mortgage, but in trust for the mortgagor or his heirs to reconvey to them. We think a court of equity may properly exercise jurisdiction to set aside the deed to Packenham, and compel a reconveyance of the legal title,

and thus remove an apparent cloud upon the complainants' title. Herein the remedy at law would fail to be adequate.

The case comes, too, under a very old head of equity, that where a deed, or other instrument has, by a satisfaction or payment, become *functus officio*, and yet its existence may be a cloud upon the title of the other party, a court of equity will interpose and decree a delivery and cancellation of the instrument, and compel a reconveyance of property if necessary.

It being held that it is not the scope of the bill to enforce a resulting trust arising out of the transaction between Redmond and Deveraux, the objection that the bill is barred by the lapse of time which has run from the date of that transaction, or the acquirement of the title by Deveraux, of course does not apply.

Before final decree, there should be an account taken of the rents and profits, and moneys expended for repairs, permanent improvements and taxes.

The decree must be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*