## JOHN R HELDEN *vs.* WILLIAM F. HELLEN, Trus-<br>TEE, ETC.

*Bill to Remove Cloud from Title—Rights of Purchaser at Execution*
*Sale.*

A bill in equity to remove a cloud from a title cannot, as a general
rule, be maintained, unless the plaintiff has both title and possession.
If the possession of the land is in another, his remedy is by an ac-
tion of ejectment.

M. executed a deed of trust of land to the defendant to secure the pay-
ment of certain promissory notes given by the grantor to a third
party. Subsequently a judgment against M. was obtained by A.,
upon which an execution was issued, and the interest of M. in said
land was sold to A., who received a deed from the Sheriff conveying
said interest. A. then conveyed the land to the plaintiff, who filed a
bill alleging that the original grantor, M., was never indebted to the
payee of the notes; that the deed of trust to the defendant was
made in fraud of the rights of the creditors of M,, and praying that the
same be vacated as a cloud on plaintiff's title, and that the notes
mentioned in said deed be brought into Court and cancelled. The
bill did not allege that the plaintiff was in possession of the land or
that he was a creditor of M. at the time of the execution of the deed
of trust. Upon a demurrer to the bill, *Held*, that the plaintiff was
not entitled to have the deed of trust vacated as a cloud on his title,
in this proceeding, but should be left to his remedy at law.

Appeal from an order of the Circuit Court for Prince
George's County (Brooke, J.), sustaining a demurrer to the
bill of complaint filed in this cause, and dismissing the
same. It appeared from the bill and exhibits that, on March
21, 1890, Thos. A Mitchell and wife conveyed to W. F.
Hellen, of the District of Columbia, certain real estate in
Prince George's County, known as " Thos. A. Mitchell's
sub-division of Ardwick," in trust to secure the payment
of six promissory notes, aggregating $7,000, made by
Mitchell, payable to the order of W. W. Hall, the last of
said notes falling due thirty-six months after date The
deed provided that until default be made in the payment of

the notes, the grantor should remain in possession of the property. On June 27, 1892, R. W. Beall, former sheriff of said county, executed a deed to Charles A. Wells, reciting that in pursuance of judgments of condemnation in attachment suits by Wells against Thos. A. Mitchell, in January and April, 1891, amounting to $422.75, levies had been made on the interest of Mitchell in said land, and the same had been sold to Wells for the sum of $85, and the deed then conveyed to Wells all the estate, title, etc., of Mitchell in said parcel of land. On January 4, 1894, Wells, in consideration of five dollars, conveyed said land to the plaintiff, Helden. The bill alleged that, at the time of the execution of the deed of trust from Mitchell to Hellen, the former was indebted to Wells in the sum of $422.75 ; that Mitchell never was indebted to Hall in the sum of $7,000, or in any other sum ; that the deed was without consideration and in prejudice of the rights of subsisting creditors of Mitchell (now deceased.) The bill prayed that the deed of trust might be annulled, and the notes mentioned therein be decreed to be brought into Court and cancelled, and that the cloud cast by said deed on plaintiff's title might be removed. The defendants were W. F. Hellen and W. W. Hall, both non-residents, and an order of publication was asked for against them.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Marion Duckett* (with whom was *E. Dent* on the brief), for the appellant.

There is no question but that the demurrer admits all of the substantial facts set forth in the bill, viz : that the plaintiff held a deed for this land from Charles A. Wells, who had recovered judgment in two attachment suits against Mitchell, issued execution thereon, bought the property, obtained the sheriff's deed for it. That Mitchell, the attachment debtor, had executed a fraudulent and void trust to the de-

fendant Hellen on this property to secure Wm. W. Hall large sums of money, to whom he had given notes for the same, but to whom he owed nothing, and therefore, that said trust must have been what is commonly called a "blanket mortgage," the purport solely being to hinder, delay and defraud the creditors of the grantor, and which operated as well as a cloud upon the title of those honest creditors of Thomas A. Mitchell, who had loaned him money, obtained judgments as evidence thereof, and further executed and bought said property in pursuance thereof.

It seems the only point raised by the demurrer can be, assuming the plaintiff's title as represented, had he such an estate in the land as would enable him to have said trust, and notes cancelled and declared a cloud upon his title. It seems to us the jurisdiction in equity to remove clouds upon title to real estate is so often applied, and so universally established, that the proposition becomes a self-answering one.

There is no question of the rights of any assignee of these notes set forth in the bill nor involved in the controversy, nor developed by the demurrer, the bill simply alleging that these notes were given to Hall and that Hall held them. If they had been assigned before maturity, for value received, without notice and *bona fide*, the defendant or the note holder should have protected himself by a plea alleging such facts.

A judgment creditor may show the character of his debtor's conveyance. Having purchased his debtor's land at a sale under execution issued upon his judgment, he may show that an absolute conveyance of the land made by his debtor was in fact a mortgage. He is entitled to a conveyance of it upon paying any balance due upon the mortgage; and without a purchase upon execution a creditor of the grantor may show that such absolute deed is really a mortgage and may enforce a judgment against the property or the proceeds of it, to the extent of the surplus, after

satisfying the debt for the security of which it was given or conveyed. *Jones on Mort.*, vol. 1, sec. 337 (1894); *Judge v. Reese*, 24 N. J. Eq. 387; *Clark v. Condit*, 18 N. J. Eq. 358; *Brown v. Witts*, 57 Cal. 304; 15 *Ency. of Law*, p. 754, note; *Macaulay v. Smith*, 132 N. Y. 524.

*Charles H. Stanley*, and *R. Ford Combs*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appeal in this case is from an order sustaining a demurrer to a bill in equity. The bill charges that the appellant obtained by deed from Dr. Charles A. Wells and Mrs. Wells, on the 4th of January, 1894, a tract of land situate in Prince George's County, containing 129 acres; that Dr. Wells previously purchased the land at sheriff's sale, at the suit of himself against one Thomas A. Mitchell, and on the 27th of June, 1892, obtained the sheriff's deed; that Mitchell, on the 21st of March, 1890, being on that date indebted unto the appellant's grantor, executed an intrument of writing purporting to be a deed of trust, and professing to convey unto Wm F. Hellen, one of the appellees, this tract of land, together with other lands, to secure to one William W. Hall an indebtedness of seven thousand dollars, covered by six promissory notes from Mitchell to Hall.

It further charges that Mitchell was never indebted to Hall in the sum set forth in the pretended deed of trust, or in any other sum; that the deed of trust is without consideration, was made in prejudice of subsisting creditors, is fraudulent, void, and operates as a cloud upon the appellant's title. The bill then prays that the deed of trust be annulled and set aside; that the notes secured by the deed decreed to be brought in and cancelled; that the cloud upon his title to the land be removed, and concludes with a prayer for general relief. And to this bill a demurrer was interposed, which was sustained by the Court, and the bill dismissed.

The question, then, presented for our consideration, is whether the plaintiff has presented such a case by the bill as entitles him to the relief he seeks. It is manifest that the appellant is not entitled to invoke the jurisdiction of a Court of Equity for " the quieting of title and the removal of a cloud therefrom," because his bill fails to allege that the plaintiff was in the possession of the property at the time the bill was filed; it being well settled in this State, as a general rule, that the jurisdiction of a Court of Equity cannot be maintained to remove a cloud from title unless the party has the legal title and the possession. If the possession is in another, his remedy is by an action of ejectment. *Crook* v. *Brown*, 11 Md. 158; *McCoy* v. *Johnson*, 70 Md. 490; *Livingston* v. *Hall*, 73 Md. 386. And the case of *Steuart* v. *Meyer et al.*, 54 Md. 454, relied upon by the appellant, is not in conflict with this rule as applicable to a case like the one here presented. *Textor* v. *Shipley*, 77 Md. 479.

Nor can there be any question that a creditor who has pursued his remedy at law by an ineffectual execution on his judgment, can invoke the aid of a Court of Equity to have fraudulent conveyances standing in his way and covering up the property, set aside and vacated. This relief is fully established by authority. *Trego et al.* v. *Skinner et al.*, 42 Md. 430. But the plaintiff here is in no sense a creditor of Mitchell, the alleged fraudulent grantor. The relation of debtor and creditor between Dr. Wells, the plaintiff's grantor, and Mitchell, the grantor under the deed of trust, ceased to exist, by the execution sale, so far as the property sold and sought to be recovered in this proceeding can be affected. The plaintiff acquired the title of the purchaser at the sheriff's sale, and can assert no better equity than those under whom he claims. *Baxter and Wife* v. *Sewell*, 3 Md. 338. And whether the conveyance to the appellee Helden was fraudulent or not can be tried in an action of ejectment. *Welde & Logan* v. *Scotten*, 59 Md. 73; *Hecht* v. *Colquhoun*, 57 Md. 563; *National Park Bank* v. *Lanahan, Trustee*, 60 Md. 510.

In the case of *Polk* v. *Pendleton*, 31 Md. 118, it was distinctly held that a party not in possession of the land, but claiming title to it under an execution sale could not maintain a bill to have the adverse title of the party in possession claiming under a tax sale declared void or to have the question of title adjudicated. And in the case of *Thigpen* v. *Pitt et al.*, 1 Jones Equity, N. C. Reports, 49, the Supreme Court of North Carolina, in treating of a case somewhat similar to the one here presented, held, that where a debtor makes a conveyance of land with intent to defeat his creditors, and they proceed to have the land sold, treating the conveyance as void, one who becomes a purchaser and takes a sheriff's deed has no right to call on a Court of Equity to have the fraudulent deed brought in and cancelled upon the ground of removing a cloud from his title. "This," says that Court, "would be a novel attempt-to extend the jurisdiction of Equity, and have it try and dispose of a pure legal question." And in the case of *Welde and Logan* v. *Scotten*, 59 Md. 76, this Court held, that an injunction would not be granted to prevent a judgment creditor from selling and purchasing the property under an execution, so as to put himself into a position to test at law, through ejectment, the validity of another's title alleged to be fraudulent. The question was left to be litigated at law. "The real question," said the Court in that case, "for us to decide is, should he (the judgment creditor), be prevented, by injunction, from putting himself into such position that he may have the question of the *bona fides* of the appellees purchase tested in a Court of law, through an action of ejectment. We are all of opinion that he ought not and that it was error in the Circuit Court to hold otherwise."

Whatever, then, may be the decisions elsewhere, no case in this State has gone so far as to maintain a bill in equity under the facts and circumstances of this case.

. We shall, therefore, affirm the order appealed from, sustaining the demurrer and dismissing the bill with costs.

*Order affirmed with costs.*