## JUDSON S. CLARK *vs.* GEORGE DOWNES.

### Washington.    Opinion June 17, 1920.

*Assignment of a policy as collateral security.   Renewal note.   Presumption of payment of the original indebtedness by a renewal note overcome if security impaired.   Suit on the renewal note not a waiver of the security for the original indebtedness.*

In an action of assumpsit on an account annexed and the common form of omnibus count to recover money collected by the defendant on an insurance policy on the life of the plaintiff, which the defendant claims was collected by him as administrator of the estate of L. G. Downes and by virtue of an assignment of said policy as collateral security of a note given by the plaintiff to said L. G. Downes, the indebtedness for which said security was given being still unpaid, but which the plaintiff claims has been paid either in cash or by new note with his wife as co-maker, the insurance policy being left in the hands of L. G. Downes after the indebtedness was discharged, as his personal attorney. The case was reported to this court with equity powers.

*Held:*

That even under such a report this court cannot go outside of the issues raised by the pleadings in the exercise of its equity powers;

That a preponderance of the evidence sustains the defendant's contention that the note of the plaintiff and his wife, found among the papers of L. G. Downes after his death, was a renewal of the original indebtedness for which the insurance policy was still held as collateral security;

That the taking of the plaintiff's note with the name of his wife thereon should not be presumed to be in discharge of the prior indebtedness, as to so hold would impair the security already held by the creditor, the presumption of payment being also further overcome by the leaving of the insurance policy in the hands of the creditor and his administrator for many years and even after suit upon the note;

That suit upon the note of the plaintiff and his wife should not be deemed a waiver of the security afforded by the policy;

That the defendant as administrator of the estate of L. G. Downes had the right to collect the amount due on the policy of insurance in question and must be regarded as having acted in that capacity; and is, therefore, not personally liable in this action.

On report. An action of assumpsit on an account annexed, and omnibus count, to recover two thousand one hundred thirty-three dollars and eighteen cents of the defendant personally, alleging that

the defendant collected said amount on an insurance policy on the life of the plaintiff, assigned as collateral security by plaintiff to the late L. G. Downes, father of the defendant, of whose estate the defendant was administrator. After the evidence was taken out before a jury, by agreement of the parties, the case was reported to the Law Court for its determination with equity powers.

Plea the general issue and a brief statement alleging that the assignment of the policy of insurance declared on was assigned by the plaintiff to L. G. Downes in his lifetime, and at his death became a part of his estate, and as such was collected and distributed by defendant in his capacity as administrator of the estate of L. G. Downes. Judgment for defendant.

Case stated in the opinion.

*R. J. McGarrigle, Gray & Sawyer, D. I. Gould and Ashley St. Clair,* for plaintiff.

*George Downes, Crosby & Crosby, and H. J. Dudley,* for defendant.

SITTING: SPEAR, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

WILSON, J. An action of assumpsit on an account annexed and the common form of omnibus count to recover the sum of two thousand one hundred and thirty-three dollars and eighteen cents, alleged to have been collected by the defendant on an insurance policy on the life of the plaintiff under color of an assignment of the policy to the late L. G. Downes, father of the defendant, of whose estate the defendant was administrator.

By agreement of parties, after the evidence was taken out before a jury, it was reported to this court for its determination with equity powers. Just what equity powers this court can exercise under the pleadings in this case, in addition to those it may always exercise in an action for money had and received, *Mayo* v. *Purinton,* 113 Maine, 452, 455, is not clear. No special claim of an equitable nature is set up in the declaration nor any equitable defense pleaded in the defendant's plea.

The equity powers of this court are not broad enough to include in an action between two parties the adjustment of accounts and counter claims between the plaintiff and an estate of which the defendant happens to be the administrator.

However, a review of the evidence satisfies us that the plaintiff cannot maintain his claim against this defendant, and, therefore, any equities there may be between the plaintiff and the estate of L. G. Downes do not require consideration.

The claim of the plaintiff is based upon the contention that the defendant under the color of an assignment, which was no longer valid, collected without right or authority a certain sum due on a life insurance policy which belonged to the plaintiff. The defendant contends that the collection of the sum due on the policy was done by him in his capacity as administrator of his father's estate, and by virtue of an assignment of said policy by the plaintiff to his father to secure an indebtedness which had not been paid, and which assignment was still in effect and valid.

Evidence of other claims and accounts between the plaintiff and father of the defendant was introduced in the case. It is clear, however, that if the collection of the amount due on the policy by the defendant was without right or authority, he would be liable personally and no claim due his father's estate could be set off against his debt; but if the defendant in the collection of said sum was acting under a valid assignment to his father and as the representative of his father's estate, he would not then be personally liable for any money that in such manner came into his hands.

The beginning of the transactions between the plaintiff and the defendant's father dates back to November 15th, 1892, or more than twenty-five years ago. The chief facts in dispute, and which we think are decisive of this case, are whether at the time a loan of thirty-five hundred dollars, obtained by the plaintiff of or through the defendant's father, became due, and to secure which the assignment of the insurance policy in question was given, it was paid by the plaintiff by the giving of two notes in the aggregate principal sum of fifteen hundred dollars which were afterwards paid, and by the payment of two thousand dollars in cash or by check, which would, of course, render the assignment null and of no further effect; or whether the two thousand dollar cash payment on the original loan which became due March 18, 1893, was paid by money advanced by L. G. Downes for which he took a new note for two thousand dollars payable in one year which was renewed or extended to March 18, 1895, when another note was given for the same indebtedness indorsed by the plaintiff's wife. The plaintiff claims the last note was for an entirely new and distinct loan, and if not, it was in payment of the

original indebtedness for the security of which the assignment of the insurance policy was given, so that the assignment was no longer of any validity. Mr. L. G. Downes died soon after the last note was given and the defendant administered upon his estate, and the last note and assignment of the insurance policy were found among his other securities and private papers in the vault of the Calais National Bank of which he was president and through which these transactions were carried on.

We think the fair preponderance of the evidence sustains the defendant's contentions. The plaintiff testifies from memory of transactions which took place more than twenty-five years ago and following which he suffered from a mental weakness which incapacitated him for six years or more for the transaction of any business. The defendant has furnished the books of account of his father and of the bank which satisfies us that the two thousand dollar indebtedness for which the note dated March 18, 1895, and indorsed by his wife was given, was a continuing indebtedness, and a part of the original thirty-five hundred dollar loan obtained November 15, 1892. It would be an unusual coincidence that on the exact day of the maturity of the prior loan, if extended as the books seem to indicate, he should have occasion to obtain another loan of exactly the same amount, or if the new note indorsed by his wife was regarded as a payment of the prior indebtedness, he should have left the insurance policies and the assignment in the hands of L. G. Downes and his administrator for a period of twenty years especially after he had been sued upon the note. While L. G. Downes was his counsel in all his business matters, the defendant was not. Even if the last note were for a new loan, the plaintiff contends that the taking of his note indorsed by his wife must be presumed to be a discharge of the prior indebtedness and so invalidated the assignment of the insurance policy. It does not appear, however, that the wife's indorsement afforded any adequate security for the indebtedness. The rule is that the taking of a note is to be regarded as payment only when the security of the creditor is not thereby impaired, *Bryant* v. *Grady*, 98 Maine, 389, 395; *Bunker* v. *Barron*, 79 Maine, 62, 68. The fact that to so treat the last note evidently would have impaired the security of the creditor, coupled with the leaving of the policy in the hands of the creditor and his administrator for all these years, seems to us sufficient to overcome this presumption.

Nor do we think if the insurance policies were still held by the estate of L. G. Downes as collateral security for the debt, that the suit upon the note and enforcement so far as possible against the makers and their property, which jointly proved inadequate, can be construed as any surrender or waiver of the security afforded by the policies. *Smith* v. *Strout,* 63 Maine, 205. The defendant as administrator of the estate of L. G. Downes had the right to collect the amount due on the policy in question and must be regarded as having acted in that capacity, and is, therefore, not personally liable in this action.

Entry must be:

*Judgment for defendant.*