ANNIE E. ROBINSON et al. *vs.* GUISEPPE MARINO
ET AL.

*Removal of Cloud—Possession of Plaintiff—Exception to Re-
quirement—Fraud.*

To support a suit to remove a cloud from title, plaintiffs
therein cannot assert that the possession of defendants, being
that of plaintiffs' tenants, is plaintiffs' possession, so long as
such possession by the landlords through the tenants is not an
obstacle to a suit at law.                              p. 308

While, as a general rule, the jurisdiction of a court of equity
cannot be invoked to remove a cloud from title unless the
plaintiff has the legal title and possession, there are some rec-
ognized exceptions to this rule, one of which is where fraud is
charged.                                                p. 309

That plaintiffs have a remedy by suit in ejectment is not
sufficient to oust the jurisdiction of an equity court.    p. 309

A bill seeking to remove, as a cloud on plaintiffs' title, a lease executed to defendants by a former owner, under which defendants claimed the right of possession, and averring that the lease was procured from such former owner while incompetent, by false statements by defendants that they would vacate the premises at any time, and with knowledge on their part of the lessor's incompetency, that at the time of the procurement of the lease the lessor had no interest in the property, and that the procurement of the lease was a fraudulent and wrongful act, *held* sufficient to confer jurisdiction on a court of equity on the ground of fraud. pp. 303-309

The grantee of one from whom a conveyance or lease was procured by fraud may sue to set it aside. pp. 309, 310

In a suit to remove a cloud on title, based on the ground of fraud, defendants cannot deprive the court of jurisdiction by questioning plaintiffs' title, the question whether plaintiffs are without right to bring the suit for want of interest, which is incidental to the real question at issue, being one to be raised as matter of defense. p. 310

*Decided February 29th, 1924.*

Appeal from the Circuit Court for Frederick County, In Equity (URNER, C. J., and WORTHINGTON, J.).

Bill by Guiseppe Marino and Catherine Marino, his wife, Michael Passaro and Consetta Passaro, his wife, against Annie E. Robinson and James Dorsey Robinson, her husband. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, ADKINS, OFFUTT, and DIGGES, JJ.

*Leo Weinberg,* for the appellants.

*Jacob Rohrback,* for the appellees

ADKINS, J., delivered the opinion of the Court.

The allegations in the bill of complaint in this case are substantially as follows:

That plaintiffs are owners of a large and valuable lot of ground improved with a three-story building to which they acquired title by deed for valuable consideration from Guy Abney and others, dated October 19th, 1922, and duly recorded; that since the purchase of said real estate they have been in possession of the same, or have leased part thereof unto tenants, excepting a small portion thereof, "the same being an alley-way leading from West Patrick Street along the eastern side of the building on said lot of ground, and which has been closed with boards of lumber on said Patrick Street, and about thirty feet from said Patrick Street, a width of about eleven feet, to join the building owned by Ellen Trail Legg et al. on the east, said alley-way as so enclosed having been used and occupied and rented for a number of years by a certain James Dorsey Robinson, or by Anne E. Robinson, his wife, the defendants, and used by them as a shoeshine shop, and who are at the present time still using said premises for said purpose"; that plaintiffs' grantors acquired title as heirs at law of their mother, Mary Frances Abney, who died intestate, and who was the grantee by deed from Charlotte R. Geisinger, a sister of the said Frances Abney, deceased, dated June 21, 1909, and recorded in Liber No. 316, folio 408, one of the Land Records of Frederick County, Maryland, the said Charlotte R. Geisinger having acquired title by deed from Frank L. Stoner, trustee, to her, dated August 2nd, 1898, and duly recorded; that the said shoeshine shop was so enclosed, and the user of the same by the defendants was begun and permitted some years ago during the ownership of said real estate by the said Geisinger, with her authority and consent; and to whom the said defendants paid, it is understood and believed, the sum of eight dollars per month as a rental therefor; and that this rental was paid to and for the account of said Geisinger not only during the time she had the title and possession of said real estate, but also by permission of her sister, Mary Fran-

ces Abney, now deceased, in her lifetime, and after her death, by her children, her heirs at law, up to the time of the sale of said real estate and the conveyance thereof to plaintiffs, the said Geisinger being unmarried, in the care of others, aged and infirm in body and mind; that at the time of the sale and conveyance to plaintiffs, it was understood and believed by the plaintiffs, and also by their grantors, that the said James Dorsey Robinson was a monthly tenant of said shop, and paying the aforesaid rent therefor by permission to the said Geisinger, or to others for her use, and that there was at no time any agreement or contract, either written or verbal, between said Robinson and the said Mary Frances Abney or her heirs, that the said Robinson or any other person should hold the possession of said alley-way as a shoeshine shop, or for any other purpose "than as above stated and set forth"; that since plaintiffs obtained title to said real estate, the defendants have informed them "that they claim the right of possession of the premises being the said alleyway or shoeshine shop, by reason of the fact that they, the defendants have been in continuous, open, notorious and exclusive possession of the premises for twenty-four years, with the said Charlotte R. Geisinger, as their landlady, and by reason of this long-continued user, and under a lease executed by Charlotte R. Geisinger to Annie E. Robinson, the wife of James Dorsey Robinson, bearing date October 28th, 1921, leasing the part of the premises occupied by the defendants, to the said Annie E. Robinson for a period of five (5) years, commencing October 1, 1921," and said defendants say they intend to hold the possession of said alleyway or shop until at least the expiration of said alleged lease; that said defendants further deny any right or title of plaintiffs to said real estate "as will appear by reference to a copy of the Motion or Pleading filed by said defendants before Alban M. Wood, a justice of the peace of the State of Maryland, in and for Frederick County, in a proceeding instituted upon the docket of said justice of the peace at the suit of your orators seeking the possession of said premises from the defendants, under a complaint before said justice

of the peace of a forcible detainer of said alleyway, and in
which said proceeding before said justice of the peace a *'non
pros'* was entered by order of your orators as plaintiffs or
petitioners, the copy of said motion or pleading filed by
said defendants before said justice of the peace being here-
with filed as part hereof, marked 'Exhibit A. E. R.' "; that
said alleged lease is not the act and deed of said Geisinger,
for that said Geisinger, "who is now an aged and infirm per-
son, both in body and in mind, and who is now and has been
for a long time past under the care of others in the City
of Frederick, in Frederick County, Maryland, was not on
the date when said alleged lease was executed, namely, Oc-
tober 28th, in the year 1921, and for some time prior there-
to, and at all times since said date, able and capable to exe-
cute a valid deed or contract, and was then and is now of
unsound mind"; that said defendants at the time of the
execution of said alleged lease knew that said Geisinger was
weak and unsound of body and mind, and incapable of exe-
cuting a valid deed or contract, "and so knowing, at that
time, as an inducement and in persuasion of the said Char-
lotte R. Geisinger to sign said alleged lease, told the said
Charlotte R. Geisinger that they would not give her any
trouble about leaving the premises named in said lease at
any time, but that they would move from and vacate the
possession of said premises at any time they were requested
to do so, and would give up and vacate their lease of the
same"; that at the time of the execution of said alleged lease
the said Geisinger had no right or title or authority to exe-
cute the same, and the execution thereof was not known to,
or authorized by, the then owners of said real estate, and that
the execution thereof by the said Geisinger and the obtain-
ment of the same from her by said defendants was a fraudu-
lent and wrongful act under the circumstances under which
the same was executed and obtained, and by the representa-
tions made by the defendants, by reason of the condition of
said Geisinger, which was known to the defendants; that
the claims of the defendants as aforesaid, and the retention
of said alleged lease, constitute a cloud upon the title and

affect the present valuation of the property; that plaintiffs desire the possession of said shop or alleyway, to which end they desire to give a proper legal notice for removal of defendants and dispossession of said premises by said defendants as monthly tenants.

The prayer of the bill is that a decree may be passed declaring said alleged lease to be null and void, requiring the defendants to deliver up and surrender to plaintiffs the said alleged lease; and for further relief. The exhibit referred to is a copy of the motion of the defendants that the proceedings before the justice of the peace be dismissed because:

1. Title to land is involved, as, they say, appears from the following recitals of alleged facts:

(a) The deed from Charlotte R. Geisinger to Mary Frances Abney, dated June 21, 1909, was not recorded until April 6th, 1916.

(b) The defendants have been in possession for twenty-four years, with the said Charlotte R. Geisinger as their landlady, "and by reason of this long-continued user, and under a lease executed by Charlotte R. Geisinger, to Annie E. Robinson, the wife of James Dorsey Robinson, bearing date October 28, 1921, leasing the part of the premises occupied by the defendants, to the said Annie E. Robinson for a period of five (5) years, commencing October 1, 1921, they claim the right to the possession of the premises."

(c) The claim of defendants "that the deed from Charlotte R. Geisinger to Mary Frances Abney is null and void, in that same was not intended to take effect until after the death of Charlotte R. Geisinger, and further in that the said deed was never delivered to the said Mary Frances Abney, or to any one in her behalf, by the said Charlotte R. Geisinger, or by any one in her behalf, but that the said deed was abstracted from the custody of the said Charlotte R. Geisinger, without her knowledge and consent, previous authorization or subsequent ratification."

(d) That the said Geisinger has been in continuous con-

trol of said property, and has exercised exclusive ownership over the same.

(e) Acquiescence of plaintiffs in above.

(f) Recognition by plaintiffs of Charlotte R. Geisinger as owner.

(g) Knowledge by plaintiffs, at the time they purchased, of the aforesaid alleged facts.

2. Defendants are entitled to trial by a court of competent jurisdiction.

3. Justice of the peace is without jurisdiction.

The bill was demurred to, and the grounds set out for the demurrer are as follows:

First: That the plaintiffs have not stated in their bill such a case as entitles them to any relief in equity against these defendants.

Second: That the allegations are inconsistent, contradictory and repugnant.

Third: That the plaintiffs have a plain and adequate remedy at law.

Fourth: That this court is without jurisdiction in the premises.

Fifth: That the plaintiffs, upon their own showing, in the bill of complaint, are estopped to invoke the aid of a court of equity.

Sixth: That there is a non-joinder of parties defendants.

Seventh: That the title to land is clearly involved and directly in dispute, of which controversy a court of equity cannot take cognizance.

Eighth: And for other good and sufficient reasons to be made known at the hearing.

This appeal is from an order overruling the demurrer.

Appellants rely on the long line of decisions in this State, beginning with *Crook* v. *Brown,* 11 Md. 158, and running down to *Kelly* v. *Nice,* 141 Md. 472, to sustain their contention that the trial court had no jurisdiction as a court of equity to try this case, because the bill did not allege that the plaintiff was in possession of the property in controversy, and, therefore, his remedy was by a suit in ejectment. Un-

questionably these cases do support the proposition (and there are none to the contrary in this jurisdiction) that, as a general rule, the jurisdiction of a court of equity cannot be invoked to remove a cloud from title unless the plaintiff has the legal title and the possession.

Nor do we think the contention of the appellees that the possession of the appellants, as tenants, was the possession of appellees, as landlords, is material in this case, when the controversy is between the alleged landlords and tenants, and where the landlords are in a position to sue in ejectment. Such a principle would be important if possession by the landlord through the tenant was an obstacle to a suit at law. As there is no such situation here, it will be unnecessary to discuss the question as to whether, under the alleged facts of this case, the relation of landlord and tenant existed.

The decision here must rest upon another principle.

In nearly all the cases cited the effort was to have cancelled deeds of property bought at tax sales, where the sales were alleged to be void on account of irregularities in the proceedings. In only two of them, *Keys* v. *Forrest,* 90 Md. 132, and *Helden* v. *Hellen,* 80 Md. 616, was the application based on alleged fraud. In the former case, as remarked by JUDGE PEARCE in *Oppenheimer* v. *Levi,* 96 Md., on page 309, "the lower court considered the allegation of fraud, and found it was not sustained, and this Court concurred in that finding. Had the possession by the plaintiff been essential in that case, it would have been idle to determine the question of fraud." In the other case another question was involved which differentiates it from the present case. All of the cases cited by appellants agree that there are some recognized exceptions to the application of the general rule above stated. One of these exceptions is where fraud is charged. *Oppenheimer* v. *Levi,* 96 Md. 296, and *Christhilf* v. *Bollman,* 114 Md. 477, are among the cases pointing out and illustrating this exception.

From *Oppenheimer* v. *Levi, supra,* we quote as follows:

"In *King* v. *Carpenter,* 37 Mich. 366, it was held that 'where a party has an equitable cause of action against an-

other, coming within any recognized rule of equity jurisdiction, such right can be enforced in equity whether the complainant is in possession or not.' In *Sheppard* v. *Nixon,* 43 N. J. Eq. 633, the court said: 'The exception to the rule (that the plaintiff must be in possession) is where the case presents some special ground for equitable interposition, such as fraud, accident, or mistake, requiring the setting aside or reformation of deeds or instruments of conveyance. If these elements be wanting, a bill to establish complainant's title is an ejectment suit, pure and simple.' To the same effect is *Essex County Bank* v. *Harrison,* 40 Atl. Rep. 211, 57 N. J. Eq. 91, and in *Security Savings and Trust Co.* v. *Mackenzie,* 52 Pac. Rep. 1046, 33 Ore. 209, it was held that the question of possession of real estate as required by a statute of the State, in a suit for an interest therein, was immaterial, when the relief sought is such that an equity court has jurisdiction independent of the statute." See also 17 *Ency. of Pleading and Practice,* 309 and 311; *Redmond* v. *Packenham,* 66 Ill. 434.

The mere fact that plaintiffs had a remedy by suit in ejectment was not sufficient to oust the jurisdiction of an equity court.

In *Oppenheimer* v. *Levi, supra,* it was said: "It is true that in an action of ejectment this plaintiff would be entitled to recover upon proof of the facts she alleges in her bill, but it does not follow that equity has not jurisdiction to grant the relief prayed."

Our conclusion is that the trial court, as a court of equity, had jurisdiction on the facts alleged in the bill of complaint, assuming that the plaintiff was a proper party to ask for equitable relief on the ground of fraud. As to this we have no doubt.

The citations by appellants from 27 Cyc., pages 1174 and 1209, refer to procedures to set aside conveyances by lunatics, whose deeds are merely voidable. The element of fraud does not appear in these citations.

"Where a person obtained a conveyance by fraud, the grantors may disregard it and convey to a third party, who

may establish the fraud in equity and have the same relief which the grantors, but for their conveyance, would have had." 9 *Corpus Juris,* p. 1224. This view seems to us consonant with reason.

Even as to a deed that is merely voidable, it is said in May on Fraudulent Conveyances, star paging 502: "The right to set aside a deed voidable on the ground of undue influence or any of the other causes noticed above (by the author) may be exercised by the donor's executor, by his devisee, by his heir, by his residuary legatee or by his trustee in bankruptcy."

We cannot perceive any difference in principle as to such right between a devisee and a grantee.

And in the present case the alleged fraudulent lease was made by the grantor *after* the deed to the plaintiff.

Finally, it is contended by appellants that, as the exhibit filed with the bill, and allegations in the bill itself, show that plaintiffs' title was questioned by the defendants, and the title to land was involved, the court was without jurisdiction. In *Crook* v. *Brown,* 11 Md. at page 170, it was said, citing *Jones* v. *Slubey,* 5 H. & J. 383, and *Chambers* v. *Chalmers,* 4 G. & J. 420: "A defendant will not be permitted to delay the bringing of a suit to issue by merely alleging an interest in third persons."

The question whether the plaintiffs were without right to bring the suit for want of interest, which is incidental to the real question in issue, should be raised as a matter of defense. *Chambers* v. *Chalmers, supra.*

This question has no bearing upon the issue of fraud, except as to the right of plaintiffs to raise it. It would be a most remarkable curtailment of the efficiency of courts of equity if they were held to be without power to consider such preliminary matters.

Finding no error in the ruling appealed from, the order will be affirmed.

*Order affirmed, with costs to appellees.*