304

Cora M. Hanscom *vs*. Harold H. Bourne et al.

York.      Opinion, February 13, 1935.

*Willard & Willard*, for plaintiff.
*John P. Deering*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J. On appeal from decree of justice below. This action, brought by bill in equity was tried, and argued before this Court, as an action to remove a cloud upon title to a village lot.

It is claimed and conceded that on September 27, 1924, plaintiff was the owner of the lot in fee simple.

She was then, and is, the wife of defendant Hanscom, and, in order to aid her husband and defendant Williams in business ventures, on that date gave a mortgage, with power of sale to defendant Bourne, in trust, to guarantee payment to the Ocean National Bank, defendant, in language as follows: "Whereas one Lucius R. Williams and Ray P. Hanscom, my husband, have engaged in the operation and management of a summer hotel known as the Passaconaway Inn, at York Cliffs, Maine, in the Town of York, and to finance the said corporation of said hotel, will borrow from the Ocean National Bank of Kennebunk, Maine, the sum of Six Thousand Dollars, between the date of this instrument and the fifteenth day of October, nineteen hundred and twenty-five, now then this conveyance is made in trust to said Bourne to hold for the benefit of said Ocean National Bank to secure the payment of all the various notes given by said Ray P. Hanscom and Lucius R. Williams, or the Ogunquit Hotel Company, Incorporated, for said purpose, between now and the fifteenth day of October, 1925. If said notes are all fully paid with interest due thereon by the 15th day of October, 1925, then this deed shall be utterly void and of no force and effect whatever; but if said notes with interest, or any of them or a part of any of them, remain due on the 15th day of October, 1925, then, in that event only, said Bourne is hereby empowered to sell said land herein conveyed in public or private sale, and to devote the proceeds thereof, first to discharge said indebtedness remaining unpaid and incurred by

said Ray P. Hanscom and Lucius R. Williams, or said Ogunquit Hotel Company, for the aforesaid purpose of said bank. . . ."

Notes of Hanscom and Williams, to face total of $5,099 were given for loans to that amount, made between April 30 and July 2 of 1924, and were overdue and unpaid on October 15, 1925, and sometime after the last date, the plaintiff fixes it as in the fall of 1925, "around October", Hanscom and Williams gave the Ocean National Bank a note for the amount of the indebtedness due and unpaid, on October 15, 1925, and the overdue notes were returned to Mrs. Hanscom, stamped "Canceled."

At times, attempts were made to sell the property, and on April 1, 1932, it was sold, by Bourne, Trustee, to Florence B. Winn, one of the defendants, for $1,500.

In October, 1932, this bill was brought, to gain title to and possession of the property.

In due course the bill was taken, *pro confesso* against Hanscom, the husband, and Williams, and after hearing decree was filed, sustaining the bill.

Defendants Bourne and Ocean National Bank appealed. Defense appears to be on three issues: That one out of possession of land must proceed at law and not in equity; that substitution of a new note for notes secured by a mortgage is not, in this case, payment of the indebtedness the notes of prior date express; and that a bona fide purchaser at a sale under power of sale, without notice of any irregularity in the proceedings, obtains good title to the property sold.

The property conveyed, Bourne to Winn, was a vacant lot, as Mrs. Hanscom located it, directly across the street from her house.

It is claimed by her that Bourne, the trustee, never took, and hence did not retain possession of the lot, but that she retained possession. Her testimony on acts which she interpreted as proving possession was that the ashes from her residence were piled on the lot as they accumulated each winter, hauled away in the spring; that she always had someone cut the grass on the lot, and that at one time, after she had deeded the property in trust, she had three or four loads of sand removed from the vacant lot to that of her residence.

Mr. Hanscom, who had maintained a large sign on the lot advertising his hotel venture, repainted the sign to the effect that the lot was for sale.

Mr. Bourne testified that he had the deed recorded and delivered to the defendant Bank, and that the lot was taxed to him, annually, from date of the trust deed until sale to Mrs. Winn, and the latter that it was taxed to her in 1932, and that she paid that tax.

In the summer of that year Mrs. Winn, through the agency of her husband, performed acts that evidence possession, in that he and employees under his supervision improved the lot, and excavated for the cellar. of a house she or they propose to build thereon.

It is not necessary to determine whether or not the plaintiff was out of possession in this action in equity.

She does not claim by legal title; it is her contention that she has an equitable title only.

It is established as law in many jurisdictions that possession is not a prerequisite to maintaining a bill in equity to remove cloud on title.

Granted that when the estate or interest to be protected is legal in its nature, and full and complete justice can be done by recourse to legal remedies, a party is left to them; yet when the estate or interest is equitable only, jurisdiction in equity should be exercised whether the plaintiff is in or out of possesson, for, the estate or interest being equitable only, legal remedies are not applicable, adequate or sufficient.

*Kennedy* v. *Northup*, 15 Ill., 148; *Redmond* v. *Packenham*, 66 Ill., 434; *Booth* v. *Wiley*, 102 Ill., 84, 113; *Ormsby* v. *Barr*, 22 Mich., 80; *King* v. *Carpenter*, 37 Mich., 363; *Pier* v. *Fond du Lac*, 38 Wis., 470. So where remedy of complainant out of possession was not conisdered as adequate and perfect at law, when the court "perceives that the party complaining had equitable rights and that the remedy at law might have proved to be insufficient." *Chapman* v. *Butler*, 22 Me., 191, 197.

In such a case, "The remedy at law does not exist, and no recovery can there be had, however meritorious the complainants'

title may be in contemplation of a court of equity. Upon this consideration the principle has become well established, that chancery may be resorted to for relief by the holder of the equitable title, though out of possession, as against the legal title and possession in the defendant; even where possession in the complainant is a requisite to the maintenance of the action, it is said that the rule applies to quiet title or to remove a cloud only when the object of the bill is purely for that purpose, and not when the primary relief sought is upon other and well established grounds of equitable relief, such as fraud, and where the removal of the cloud is only an incident of that relief." 5 R. C. L., P. 647, Sec. 16. See also 51 C. J., P. 185, Sec. 102; Pomeroy's Equity Jurisprudence, Fourth Edition, Vol. 4, Sections 1398, 1399; ibid Vol. 5, Section 731, and cases cited.

In many states, Maine not included, statutes have been enacted giving the right to proceed in equity in cases like the present. In such, and in states where legislation has not been invoked to express what was inherently a power in equity, the authorities seem to agree on a majority rule that, "Where removal of a cloud from title is not the sole ground for equitable jurisdiction, but, in addition thereto, the relief asked for is based on fraud as creating the cloud, a plaintiff, though not in possession, is nevertheless entitled to pursue his remedy in a court of equity for the removal of the cloud so created, such relief being afforded on the theory that fraud is a distinct ground of equitable jurisdiction, and that the remedy at law is inadequate." *Robinson* v. *Marino*, 145 Md., 301, 125 A., 701, 36 A. L. R., 692, and note, 698.

Maine is classed with Alabama, Connecticut and Massachusetts as maintaining the minority rule.

It is agreed among annotators that the decisions in Alabama are inextricably mixed.

In the leading case in Connecticut, *Munson* v. *Munson*, 28 Conn., 582, 73 Am. Dec. 693, appears this significant paragraph, "That there is such a branch of equity jurisdiction which may afford a preventive remedy in certain cases will not be denied; but the power is not exercised as a matter of course, nor under any universal rule or principle of law requiring its exercise. It is preventive, as we have said, and very much must depend upon

the extent and imminence of the danger threatened, and the view which will be taken of the case by a discreet judge."

No Massachusetts case has come to our attention that is outside the majority rule. *Boardman* v. *Jackson,* 119 Mass., 161, is offered as justifying such classification, but there plaintiff alleged that defendant had forged the deed upon which he relied, and the court necessarily ruled it no deed and the remedy at law complete.

We do not agree that the decisions of this Court require possession in plaintiff in every case.

*Chapman* v. *Butler,* supra, distinctly sets out the opposite.

Of those cited as placing Maine under the minority rule, in *Spofford* v. *Railway Company,* 66 Me., 51, an attempt to stay trespass by defendant in possession, the court ruled: "The plaintiff has a plain, adequate and complete remedy at law by writ of entry, and injunction to stay waste, *pendente lite.* Under that remedy all rights of the parties can be determined.

He can not substitute a bill in equity for a writ of entry and dispossess the defendants by injunction.

Where a party has a plain, adequate and complete remedy at law, equity will not lie."

It quoted Chancellor Kent as stating the true rule: "In ordinary cases this latter remedy (by action at law) has been found amply sufficient for the protection of property, and I do not think it advisable upon any principle of justice or policy, to introduce the chancery remedy as its substitute, except in strong or aggravated instances of trespass, which go to the destruction of the inheritance, or where the mischief is remediless."

*Robinson* v. *Robinson,* 73 Me., 170, would have attained no special significance, except for the fact that it contains a statement, true as far as it goes, but seized upon as stating a bar to equity jurisdiction in all cases where the plaintiff is out of possession and desires reinstatement.

There the court say, "as to the other defendant there is no allegation that the complainant is in possession of the premises.

If therefore the allegation of fraud is relied upon, the law affords a complete and adequate remedy. It is not the purpose of equity to try titles to real estate and put one party out of possession and another in.

This must be done under the forms and principles of law which are sufficient for that purpose."

Admitting that the law affords a complete and adequate remedy in many cases; in the case at bar it affords none. The unqualified and sweeping statement in the case cited does not apply to the case at bar.

*Gamage* v. *Harris*, 79 Me., 531, 11 A., 422, 423, was on a bill to remove cloud upon title to land of which plaintiff was not in possession, and set up fraud as the element necessary to give jurisdiction. He failed to prove fraud, and the opinion holds that he could not further maintain the bill "for a cause giving a plain and adequate remedy at law. The rule is, that when an action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out can not, for defect of proof or other reason, be granted the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice." This case certainly is no precedent for sustaining plaintiff's contention.

*Frost* v. *Walls*, 93 Me., 405, 45 A., 287, 290, was tried on four issues. Three were dismissed for laches. The fourth issue arose from alleged illegality in the appointment of a guardian, and the court say: "So far as the validity of the defendant's title may be affected by a question of that kind, the issue must be tried in an action at law, where the remedy is full and complete."

Then follows the statement in *Robinson* v. *Robinson*, supra, "It is not the business of equity to try titles, and put one party out and another in," as though applicable in all cases where the purpose is to remove a cloud upon title.

The same all-inclusive statement appears in *Annis* v. *Butterfield*, 99 Me., 191, 58 A., 898, where plaintiff's contention was that he had obtained the legal title by purchase; but, proof being to the contrary, decision issued against him. Finally we have the proposition "settled" in *Clark* v. *Clark*, 107 Me., 505, 78 A., 977, without more than allusion to late decisions.

Without overruling the decisions above cited further than to deny that under no state of facts can a plaintiff, out of possession, be heard in equity to set up a title, we hold that where the plaintiff's alleged title is equitable only, and the allegation is that by

fraud another is placed in possession of real estate, plaintiff may have his day in a court of equity.

On the second contention of defendant, that substitution of a new note for the notes specified in the deed of trust is not payment, the facts are that on the date named nothing had been paid by anyone on the original notes.

According to the language of the contract entered into by plaintiff, "if said notes with interest, or any of them or a part of any of them, remain due on the 15th day of October, 1925, then, in that event only, said Bourne is hereby empowered to sell, etc."

On the date named, or shortly thereafter, Messrs. Hanscom and Williams gave to the bank new notes, and the originals, as we have said, were surrendered.

There is no evidence of understanding and agreement of parties that the new notes were given and received as payment, and every reason to conclude that accepting the new notes, unsecured, in lieu of the original notes would impair the security of the creditor. If it be argued that there is a presumption of payment of notes at maturity when new are given for the old, this Court has considered the force of the presumption, and has invariably held; "while it is settled in this State that the acceptance of a negotiable promissory note, in the absence of any testimony or circumstance to the contrary, is presumed to be a payment of the indebtedness for which it is given, it is equally well settled that this presumption may be rebutted and controlled by evidence that such was not the intention of the parties; and, as a general rule, this presumption will be overcome by the fact that the acceptance of a note in payment would deprive the creditor taking the note of the substantial benefit of some security."

*Bryant* v. *Grady*, 98 Me., 389, 57 A., 92; *Clark* v. *Downes*, 119 Me., 252, 110 A., 364; *Delano Mill Co.* v. *Warren*, 123 Me., 408, 123 A., 417; *Leavitt* v. *Youngstown Co.*, 132 Me., 76, 166 A., 505. See also 35 L. R. A. (N. S.) 8 and 99.

The presumption is overcome when the court is asked to find that officials of a bank, trustees of the funds they have invested on security, would knowingly bar the bank from looking to security under evidence such as this case furnishes.

Lastly, did defendant Winn obtain good title when she took the deed?

Was she an innocent purchaser, without notice of plaintiff's claim?

It is in the evidence, and uncontradicted that the bank held the lot for sale, and up to the time of sale to the defendant, Mrs. Winn, had received no attractive offer for it; that in the winter of 1932, when her husband approached Mr. Bourne with the suggestion that Mrs. Winn would buy the lot, as Bourne recalls the negotiations, he told all the facts relative to ownership, and on April 1, of that year the deed was delivered and purchase price paid.

Six years had elapsed since the title might have become good in the trustee, and nothing had been made public by record to show that the grantor of the deed of trust had met the terms of the trust agreement.

Plaintiff's counsel do not seriously argue that Mrs. Winn was not an innocent purchaser. If she had procured an abstract of title from the recorded deeds she would have found nothing in addition to the information she received from the trustee.

It is elementary that no fraud is shown where complainant alleges purchase at a low price, and we find no fraud on the part of Mrs. Winn.

The authorities are in agreement that to constitute one a bona fide purchaser for value without notice, within the meaning of the rule that such a purchaser takes the property free of the trust, he must pay some consideration and be without actual or constructive notice of the violation of the trust.

Pertinent to this discussion is the following from *Jones on Mortgages*, (2nd Ed.) Vol. 1, 693: "One who purchases at a sale under a power without notice actual or constructive of any irregularity in the proceedings, acquires a valid title, although the mortgagor might redeem as against the person making the sale. Fraud on the part of the mortgagee or holder of the mortgage will not defeat the title of such purchaser."

The decree appealed from is not in accordance with the law and is reversed.

The case is remanded to the court below for a decree in harmony with this opinion.

> *Decree below reversed.*
> *Appeal sustained.*
> *Case remanded for decree in accordance with this opinion.*